TECON CORPORATION, a corporation,
Plaintiff,

v.

RALPH E. MILLS & GORMAN, INC., a
corporation, Vulcan Materials Compa-
ny, a corporation, and Ralph E. Mills,
Defendants.

No. 169.

United States District Court
E. D. Kentucky,
at Frankfort.

Sept. 13, 1960.

William A. Young, Louis Cox, Lawrence W. Wetherby, Hazelrigg & Cox, Frankfort, Ky., for plaintiff.

S. L. Greenebaum, Bernard H. Barnett, Charles F. Wood, Greenebaum, Barnett & Wood, Louisville, Ky., R. Arnold Kramer, Andrew Johnson, Knoxville, Tenn., Marion Rider, Frankfort, Ky., Kramer, Dye, McNabb & Greenwood, Knoxville, Tenn., for defendants.

HIRAM CHURCH FORD, Chief Judge.

In early 1956 at Buffalo, N. Y., the United States Corps of Engineers received bids and awarded contracts to prime contractors for the construction of two locks constituting part of the St. Lawrence Seaway Development. The prime contract for the construction of one of the locks, known as "Robinson-Bay Lock," was awarded to a group of construction companies of which the Morrison-Knudsen Company was sponsor, and the prime contract for the construction of the other lock, known as "Grass River Lock," was awarded to a similar group of construction companies, of which B. Perini & Sons, Inc., was sponsor. Shortly thereafter the defendants, Ralph E. Mills & Gorman, Inc., and Lambert Brothers, Inc. (later merged into the defendant Vulcan Materials Company), contracted with both prime contractors to supply their requirements of construction stone aggregates consisting of crushed stone of various sizes and dimensions necessary for the construction of both locks at the price of $2.25 per ton. The defendants promptly began their work and continued it in accordance with the provisions of the contracts which were not completed until October 1957. In so doing they furnished the prime contractors more than two million gross tons of construction stone aggregates.

By this action the plaintiff, Tecon Corporation, seeks to recover from the defendants the sum of $505,766, basing its claim upon the following allegations set out in the complaint:

"On or about January 16, 1956, at Lexington, Fayette County, Kentucky, the corporate defendant, Mills, and Lambert, acting by and through their duly authorized agent and representative, the defendant, Ralph E. Mills, orally agreed and entered into a joint enterprise, venture or syndicate with Tecon, the scope and purpose of which venture or enterprise was to develop agreements or contracts for furnishing and selling stone construction aggregates to the prime construction contractors upon the two phases of the aforesaid St. Lawrence Seaway Development Project, namely: The Robinson Bay Locks and the Grass River Locks. As an incident to the aforesaid joint undertaking, it was further agreed between Tecon, on the one hand, and Mills-Lambert, on the other hand, that upon the procurement of a contract or contracts by either of the parties to the venture to furnish such construction aggregates both of the parties to the undertaking would mutually agree upon the proportions in which the required tonnage of aggregate would be furnished by each of them. It was further agreed that the desired and specified aggregates could be produced by either of the parties to the undertaking for approximately $1.75 per ton, and that the same should be priced, sold and delivered to any vendees of the undertaking at the price of $2.25 per ton, and that Tecon, on the one hand, and Mills-Lambert on the other hand, would share the profits of the enterprise equally; or, in the alternative, that Tecon would pay to Mills-Lambert the sum of .25¢ per ton for each ton of aggregate produced, sold and delivered by it with-

in the scope of the undertaking, and that Mills-Lambert would pay to Tecon the sum of .25¢ per ton for each ton of aggregate produced, sold and delivered by them within the scope of the venture.

"Subsequent to January 16, 1956, plaintiff, the defendant, Mills, and Lambert, by and through their joint efforts, did procure agreements and/or orders from the prime construction contractors on the Robinson Bay Locks and the Grass River Locks to furnish all of the heavy stone construction aggregates necessary to the construction of said projects. Subsequent thereto, and at the express instance and request of the defendant, Mills, and Lambert plaintiff agreed that said corporations could produce all of the construction aggregates, or so much thereof as they wished and were able to produce, to meet the requirements of their agreements with and/or orders from the prime construction contractors upon the aforesaid two projects; it being further reaffirmed and agreed between said parties that Mills and Lambert would pay to plaintiff the sum of .25¢ per ton, as plaintiff's share of the profits upon the joint undertaking, for each ton of construction aggregate thus sold and delivered by said defendant."

By appropriate pleadings, as well as in their testimony, the defendants deny that they entered into any agreement with the plaintiff with respect to the alleged joint enterprise or otherwise and as further defenses they assert: (1) That the alleged oral agreement, even if it had been made, would have been illegal and unenforceable as a scheme to stifle and restrain competition in violation of public policy; (2) that it was not supported by any consideration; (3) that it lacked mutuality of obligation and, being oral, enforcement of it is precluded by the Kentucky Statute of Frauds.

Upon the issues thus presented, the case was tried to the Court without the intervention of a jury.

In the brief filed on behalf of plaintiff, the contention of the plaintiff is succinctly set out as follows:

"It is the contention of the plaintiff that the agreement upon which this action is predicated resulted from or arose out of three separate conversations which took place in early 1956 between A. Ray Smith and William C. Wheeler, representing the plaintiff, and Ralph E. Mills, representing all of the defendants. Two of these conversations transpired at face-to-face meetings between the three individuals involved. The third and final conversation was a telephone conversation between Smith and Mills only. The first of these conversations took place at a meeting at the Campbell House in Lexington, Kentucky, on January 16, 1956. The second conversation occurred at a meeting in Mr. Mills' room in the Mayflower Hotel at Washington, D. C., on February 15, 1956. The final conversation looking toward the particularization of the agreement, and which constituted the last step in its formulation, took place between Mr. Mills and Mr. Smith over the telephone approximately ten days following the Washington meeting, which would fix its date as late February or early March of 1956. The discussions had on each of these three occasions, which when taken together outlined in precise detail the accord finally arrived at between the parties * * *."

Upon consideration of the evidence presented, the Court makes the following findings of fact and states the following conclusions of law:

### Findings of Fact

1. The evidence shows that conversations between A. Ray Smith and William C. Wheeler, representing the plaintiff, and Ralph E. Mills, representing the defendants, took place at the Campbell House in Lexington, Kentucky, on January 16, 1956, and at the May-

894

flower Hotel in Washington, D. C., on February 15, 1956, and following the Washington meeting there were telephone conversations between Mills and Smith, but there is such substantial conflict in the testimony as to the matters discussed and what was said by the respective representatives of the parties, my finding is that, taking all the discussions together, the plaintiff's contention that an accord was arrived at between the parties in respect to the essential details of the alleged contract for the parties to join or unite in the alleged joint enterprise is not sustained by a preponderance of the evidence; nor is the evidence in respect to subsequent conversations between the parties or a later conversation between Mr. Mills, representing the defendants, and Mr. William May, nor is the letter put in evidence from Mr. Smith to Mr. Mills of January 19, 1956, sufficient to establish that the minds of the parties met with respect to the alleged agreement to unite in the alleged joint enterprise.

There is no evidence that the parties agreed upon joining in a combination of their money, efforts or skill to engage in such a joint enterprise. There is no evidence that plaintiff was to exercise any control over or management of the enterprise or would bear any part of the obviously heavy expenses in connection with it. The fact is the plaintiff produced no evidence that it assumed any obligation whatever toward the accomplishment of the enterprise. There is no evidence that the plaintiff either participated in or contributed in any way to the procurement of the contract between the defendants and the prime contractors, or was in any way known to the prime contractors as having any interest in or connection with the transaction.

These facts, coupled with the further fact that the alleged contract upon which plaintiff relies for the recovery of more than one half million dollars from defendants was evidenced by no writing expressing such agreement render plaintiff's story quite improbable and strongly tend to confirm the finding of the

Court that the parties entered into no such agreement.

In Farley v. Hill, 150 U.S. 572, 576, 14 S.Ct. 186, 188, 37 L.Ed. 1186, the following observation of the Court seems applicable here:

"* * * A man of affairs, as the plaintiff was, would not be likely, in a matter of such magnitude, to rely upon a merely verbal agreement, * * *."

■ 2. Moreover, it appears from the evidence that the parties contemplated and well understood that the alleged oral contract could not and would not have been performed within one year from the making thereof.

■ 3. There is no sufficient evidence that the plaintiff performed any part of the alleged oral agreement or that any act on the part of the plaintiff so related to the alleged contract as to constitute part performance thereof.

Conclusions of Law

1. The Court has jurisdiction of the parties and the subject matter of this action.

■ 2. The burden of proof was upon the plaintiff to establish facts showing agreement between the parties sufficient to constitute the relationship of the joint enterprise relied upon by the plaintiff.

■ 3. To establish the relationship of a joint venture, there must exist a common undertaking in which there is a combination of money, efforts, skill or knowledge, and the parties must have joint control and responsibility of the undertaking with the right of sharing in the profits or losses, if any. Burbank v. Sinclair Oil Co., 304 Ky. 833, 202 S.W. 2d 420; Eline Realty Co. v. Foeman, Ky., 252 S.W.2d 15.

■ 4. Mutuality of obligation is an essential element to the validity of such a contract.

■ 5. Recovery of the plaintiff herein upon the alleged oral contract is

precluded by the provisions of the Kentucky Statute of Frauds which provides:

"No action shall be brought to charge any person:

\* \* \* \* \* \*

"(7) Upon any agreement that is not to be performed within one year from the making thereof; \* \* \* unless the promise, contract, agreement, representation, assurance or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized agents \* \* \* ". K.R.S. § 371.010(7).

For the reasons indicated, the plaintiff's claim should be denied and its complaint dismissed. Let judgment be entered in conformity herewith.